**JUDGE FURMAN**

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

**14 CV 4668**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JESSE SOLER,

                Plaintiff,

-against-

THE CITY OF NEW YORK, DANIEL BURKE,
and OSCAR FERNANDEZ,

                Defendants.
-------------------------------------------------------x

**COMPLAINT**

Jury Demand

Plaintiff JESSE SOLER (hereinafter "Plaintiff") by and through his attorneys respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7. Plaintiff is a resident of the City, County and State of New York.

8. Plaintiff is a Hispanic male.

9. Defendant City is a municipality duly organized under the laws and regulations of the State of New York.

10. The individual defendants are members of the NYPD and were acting under the color of state law and are being sued in their individual and official capacities.

## FACTS

11. On April 27, 2013, at approximately 1 p.m., plaintiff was driving near his home in Spanish Harlem when he observed an individual on a sidewalk selling shoes.

12. Plaintiff recognized this individual as being from his neighborhood, got out of his car to look and possibly purchase some shoes.

13. As plaintiff and this person spoke, the defendants dressed in plain clothes walked up to plaintiff, exhibited identification and started questioning him as to why he was in that location.

14. Plaintiff felt harassed by the defendants' conduct but nevertheless answered their questions.

15. Not satisfied with plaintiff's explanation, defendants continued to harass him and interrogate him as to his "real reason" for being there. Plaintiff replied that he had done nothing wrong and that they [defendants] were simply harassing him.

16. Defendants then stated that if plaintiff would allow them to search his vehicle, they would go on their way and leave plaintiff alone.

17. Feeling as if he had no choice in the matter, plaintiff gave his consent to allow defendants to search his vehicle.

18. Defendants ripped apart plaintiff's vehicle in their quest to find some contraband that would justify their continued detention and harassment of plaintiff.

19. Throughout this ordeal, plaintiff remained at the scene because (a) he knew he had done nothing wrong and (b) he was afraid to leave.

20. After defendants were done searching the vehicle and had found no contraband, they seemed to be increasingly frustrated.

21. Defendants then took their frustration out on plaintiff and continued to harass him. This time, defendants requested that plaintiff allow them to search plaintiff's person.

22. Plaintiff refused because it was clear that defendants had no reason to detain him and were merely "grasping for straws" to justify their unlawful detention of plaintiff.

23. After plaintiff's refusal, defendants handcuffed him anyway and searched him.

24. Defendants then falsely claimed that they found heroin on plaintiff's person and arrested him for possession of a controlled substance.

25. Around 4 p.m., plaintiff was transported to a local precinct, and his arrest was processed. At the precinct, defendants offered to release plaintiff if he became an informant for future. Plaintiff refused.

26. Plaintiff was then brought before a judge where based on false information provided by defendants, his bail was set at $500.

27. Plaintiff spent over 36 hours in custody before he was able to post bail.

28. Plaintiff continued to come to court to address these false and fabricated charges until the case was favorably terminated on May 29, 2014.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. There was no probable cause for the, detention, arrest or the continued incarceration

of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

31. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution/Fourteenth Amendment-Due Process)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

34. As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

38. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

39. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein. The practice

of stopping Hispanics and Blacks have been well-documented and ruled unconstitutional by federal judge in SDNY.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants targeted Plaintiff and discriminated against her by falsely accusing him of a crime because of his race and color and caused his deprivation of his constitutional rights. Defendants nevertheless arrested him knowing that he had committed no crime.

43. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligence)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Conspiracy under 1985)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants targeted innocent people like the plaintiff and conspired with each other to concoct similar schemes in furtherance of the conspiracy to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests.

48. Plaintiff suffered serious and permanent physical and emotional injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Respondeat Superior)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Abuse of Process)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

Defendants acted with malice when they arrested plaintiff for no reason and without any probable cause.

52. Defendants abused the criminal process to violate the Plaintiff's civil rights knowing full well that she would have to endure the stigma of her arrest even after the arrest was voided.

53. As a result of defendants' actions, Plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
June 25, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorneys for Plaintiff*